## TERRITORY OF HAWAII *v.* D. P. McGREGOR.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

SUBMITTED SEPTEMBER 25, 1915.          DECIDED OCTOBER 7, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

WITNESS—*protection of by the court.*

Where the trial court is convinced that a witness does not understand a question it should explain the question or cause it to be explained to the witness. The court should protect a witness from confusion by questions that place a wrong construction on previous statements by the witness.

EVIDENCE—*parol, to prove provisions of an ordinance.*

Parol evidence is not admissible, under the rule requiring the best evidence obtainable, to prove provisions in a municipal ordinance.

APPEAL AND ERROR—*interrupting the examination of witness.*

A party has no inherent right to complete an examination or cross-examination of a witness without interruption by the court; it often happens that the court should interfere with such examination or cross-examination in order to protect the witness against improper treatment and for the proper administration of law.

SAME—*refusing oral request for instruction.*

The trial court properly refused to consider an oral request for an instruction made in open court before the jury; all requests for instructions are required to be in writing.

SAME—*instructions to jury.*

It is not error to refuse a request for a proper instruction when the question of law presented by the requested instruction is covered by another instruction given by the court to the jury.

SAME—*stating grounds of exception.*

It is not error for the court to refuse to permit counsel, who has excepted to an instruction given by the court of its own volition, to state the ground of his exception in the presence of the jury on the ground that in order to have the exception considered by the appellate court it was necessary to state the grounds of the exception, as under our practice a general exception to a specified instruction is sufficient. This is a matter within the discretion of the court, and while it would be proper to permit counsel to state the grounds of an exception, it would not be

proper to permit counsel to incorporate in his exception argumentative matter as to the correctness or incorrectness of the instruction to which the exception is directed.

CRIMINAL LAW—*heedless driving—instruction to jury.*

It is proper to instruct the jury that in determining whether the defendant was guilty of heedless driving as charged they should take into consideration the time and place of the offense charged as to light or darkness; the presence or absence of other vehicles on the highway at the time; the width of the highway; the condition of the vehicle driven by defendant as to equipment; the defendant's manner of driving; and, all of the surrounding circumstances as shown by the evidence.

OPINION OF THE COURT BY QUARLES, J.

The defendant was charged in the district court of Honolulu with the offense of heedless driving, the charge being that the defendant on the 26th day of June, A. D. 1914, wilfully, furiously and heedlessly of the safety of others did drive a certain vehicle, to wit, Auto 1502, upon that certain highway, to wit, Kalakaua Avenue in said Honolulu, and then and there imminently endanger the personal safety of one Lorrin K. Smith, etc. The defendant was convicted in the district court, took an appeal to the circuit court, was tried before the court and a jury and again convicted and sentenced to pay a fine of $100. The case comes to this court upon exceptions, thirty-two in number. Many of the exceptions are without sufficient importance to require special mention and we will treat the exceptions in a general way, endeavoring to pass upon all questions that are material or at all important to a determination of the case.

Exceptions to the action of the trial court in explaining to a witness that the question relative to a portion of the highway where the offense was alleged to have occurred related to that portion of the highway makai of a strip of parking shown by the evidence to run through the center of the highway, are without merit. Where the trial court is convinced that a witness does not fully understand a question it should explain or

cause the question to be explained to the witness.   This is simple justice to the witness and to the parties.

The exceptions relating to the action of the court in refusing to permit traffic officers to state what they did in controlling traffic upon the said highway at other times than the time at which the offense was alleged to have been committed are without merit, as such evidence was immaterial and therefore not admissible.

The exceptions to the court's refusal to permit parol evidence as to provisions in city ordinances were without merit.   The objection to such evidence on the ground that it is not the best evidence was properly sustained.   The defendant assumed that another automobile than the one driven by himself and the one with which he collided was wrongfully on the mauka portion of the highway, as divided by the strip of parking, while headed in the direction of Waikiki, and sought to introduce evidence to show that the traffic officers did not compel the driver of such machine, which had been stopped by them on account of not being lighted, to drive it off of the highway, which evidence, being objected to as immaterial, the court refused to admit it, to which the defendant excepted.   The evidence sought to be introduced was not material to the issue of heedless driving charged against the defendant and was properly refused admission.

During the trial a question arose between counsel for the defendant and a witness on examination as to a statement made by the witness, and the court remarked that the examination was not fair to the witness; that the witness made a certain statement at one time and another at another time and that counsel could examine the witness as to the difference between the statements; the trial judge remarking that the question put by counsel to the witness did not properly interpret what the witness had stated, to which remark the defendant excepted on the ground that the objection was made by the court and not by counsel for the prosecution.   This exception, being placed solely upon the ground stated, is overruled.   The trial court should

protect witnesses against confusion by questions that place a wrong construction on statements which they have previously made. At the same time a trial judge should abstain from all appearance of partisanism in trials, civil and criminal.

The offense was committed about eleven o'clock at night, if committed at all. During the trial counsel for defendant asked a witness if it was (referring to the time of the commission of the offense) as "light as day," when the court remarked that the court, jury and everybody knew that it was not as light as day at the place in question at eleven o'clock at night else there would have been no occasion for installing lights there; and that everybody knows that no number of lights had had the effect of making the city as light as day. To these remarks of the court the defendant excepted on the ground that it was prejudicial to the defendant. The court was talking about a matter of common knowledge which the jury might well consider, and we see no prejudicial error. In this particular, it would have been far better if the court had ruled that the question was not admissible and had refrained from arguing the matter before the jury.

While the defendant was testifying in his own behalf on direct examination he was asked by his counsel if he was drunk at the time of the occurrence in question, and replied that he did not think he was drunk; thereupon the court remarked to counsel that it might be well for the defendant to give, for the benefit of the jury, his idea of what constitutes drunkenness and how many drinks he had had at the time. Counsel for the defendant excepted to the action of the court in interrupting his examination of the defendant. The court then made a few observations as to the conduct of the trial and proceeded to ascertain from the witness his ideas as to being drunk or not being drunk. The defendant excepted to the actions of the court in this matter on the ground that his examination was not concluded by his counsel when the court propounded its questions and was overruled. Counsel for the defendant, in his brief,

argued that the action of the trial court in this regard indicated an opinion that the defendant was guilty, and that such remarks "were an infringement of the right of the defendant to complete cross-examination and examination" of witnesses without interruption. We see no intimation of an opinion as to the guilt or innocence of the defendant on the part of the court in its remarks, and do not consider that they were prejudicial to the defendant. A defendant has no inherent right to complete an examination of a witness in his behalf or the cross-examination of an adverse witness without interruption, and it frequently happens that it becomes the duty of the court to interfere. Such interference, however, should occur only when necessary, and trial courts should permit counsel on both sides to conduct their cases, with such restraint only as is proper to protect a witness when improperly treated, and for a proper administration of law.

One of the exceptions is to the action of the court during the argument of counsel for the defendant to the jury, and before the jury had been instructed as to the law, the court interrupting counsel and saying to the jury: "At this point the court will be obliged to instruct the jury that it is an offense against the law, for which a penalty is prescribed, for a person in an intoxicated condition to operate an automobile in a public place." This was clearly error. The court should have waited until the case was closed before charging the jury as to the law of the case upon any feature. The exception is a general one, but in the brief of counsel for the defendant it is argued that it amounted to a comment upon the evidence by the court. We cannot, in the condition of the record, take that view. To determine the probable effect of the language of the court upon the jury it is necessary to know what counsel for the defendant said immediately preceding the remarks of the court complained of in the exception. That should have been, but is not, shown in the exception itself. The error committed by the court, however, was corrected in the final charge to the jury wherein the

jury were instructed that "The defendant is not on trial for driving an automobile while under the influence of liquor or in a state of intoxication, and the mere fact, if you believe it to be a fact, that he was intoxicated * * * would not justify you in finding him guilty of heedless driving."

The defendant, after the arguments of counsel to the jury, and after the case had been closed except as to charging the jury, orally requested the court to instruct the jury to disregard all evidence as to the general use of the mauka portion of the highway, either in going to or coming from Waikiki, on the ground that it contravened ordinance 56 of the city and county of Honolulu, which had been introduced in evidence. The exception itself is silent as to whether the request was oral or in writing, but it refers to page 123 of the transcript of the stenographer, where an examination discloses that it was oral and the court stated that it would consider no requests for instructions which were not in writing. The court was correct in such ruling.

The defendant requested a peremptory instruction to find for the defendant, which request was by the court properly denied. The evidence was amply sufficient to warrant a verdict of guilty and the court would not have been authorized to take the case from the consideration of the jury by instructing them as requested.

We have carefully examined the instructions requested by the defendant that were refused by the court, as set forth in the bill of exceptions, and compared the same with the charge given by the court, and find no errors in refusing such requests for instructions unless it be the refusal of the court to give the request for instruction set forth in exception 19, which we will later consider. In the case of *Halawa Plantation, Ltd.,* v. *County of Hawaii,* ante, p. 753, we had occasion to call attention to the record failing to show endorsements upon requests for instructions given and refused, and showing modifications of requested instructions which had been modified and given as

modified. The record here does not contain all requests for instructions given and refused, with endorsements. thereon showing the action of the court with reference to them, as required by section 2439, R. L. An exception in a bill of exceptions should not set forth in full a request for an instruction, but should refer to it in such manner that the court can from the record tell what particular request is referred to in the instruction, and state the ground upon which the exception is based. All instructions requested, with the endorsement of the court showing whether refused or given or modified, should be sent to this court with the record.

The request for instruction shown in defendant's exception No. 19 is as follows: "You are further instructed, Gentlemen of the Jury, that the mere fact that there was a collision between the automobile driven by defendant and the one being driven in front of him, that such fact alone and of itself does not show that defendant was guilty of heedless and reckless driving —in other words, that the mere fact of collision does not prove negligence, heedlessness or recklessness—but I instruct you that before you are justified in finding the defendant guilty as charged you must find that he was such in fact under the facts and under the circumstances now given you." This requested instruction was proper and should have been given, and unless the principle embodied in it, to the effect that the mere fact of a collision was not sufficient evidence upon which to find the defendant guilty of heedless driving, was given to the jury in the charge of the court in some form, the refusal to give this instruction must be regarded as prejudicial error. However, the general tenor of the charge, considered as a whole, was that the defendant could only be found guilty upon evidence showing that he had heedlessly driven his car as charged, and there is nothing in the charge itself which holds out the idea that he could be convicted merely by reason of the fact that the car driven by him collided with another car. The charge, as a whole, negatived that idea. The court charged the jury, *inter*

*alia,* as follows: "You are not justified in finding the defendant guilty as charged merely because the evidence shows, if it does show, that one Lorrin K. Smith was injured in the collision which has been testified to before you, but that, before you are justified in finding the defendant guilty, his guilt must be established beyond a reasonable doubt." The evidence showed, without conflict or contradiction, that Smith was in the car which defendant's automobile ran into, and the jury could readily see from the charge, as a whole, that they were not to find defendant guilty by reason of the "mere fact that there was a collision between the automobile driven by the defendant and the one being driven in front of him." While it would have been proper for the court to give the requested instruction, yet the failure so to do, we are convinced from the record as a whole, did not prejudice the defendant or bring about the verdict against him. The charge, taken as a whole, covered the requested instruction under consideration, and was as favorable to the defendant, if not more so, than the law authorizes. The gist of the law, as given in the charge of the court, was that in determining from the evidence whether defendant was guilty as charged the jury should take into consideration the time and place of the offense charged; the condition of the vicinity as to light or darkness; the condition of defendant's automobile and his ability to stop it by means of the brakes with which it was equipped; his manner of driving the car and whether or not he could have avoided the collision by slowing down or by stopping or turning his auto so as to avoid striking the car with which he collided. These principles we regard as sustained by authority. It is not the rate of speed or velocity with which a car is traveling that determines whether it is being driven heedlessly or not. A high rate of speed upon a broad highway, at the time unoccupied, and which causes no danger to life or property, might not be heedless driving, while a much lower rate of speed upon a narrow highway, upon which other vehicles are standing or traveling, especially at night, whereby life is endangered, would be, under the statute,

heedless driving. The charge of the court, given to the jury, left to them the determination of the reasonableness of the actions of the defendant, under all of the surrounding circumstances, and this we regard as proper.

Certain exceptions are based upon the refusal of the court to permit counsel for the defendant to state the grounds upon which he excepted to certain portions of the charge of the court, given on its own motion at the close of the trial. Counsel for the defendant contends that it was necessary to state such grounds in order to have the exceptions to such portions of the charge considered by this court. A general exception to a specified instruction is sufficient under our practice to authorize this court to consider the exception and determine the correctness of an instruction given or the action of the court in refusing an instruction. Section 2439, R. L., gives the respective parties the right to argue the correctness or incorrectness of requests for instructions presented by the respective parties "previous to the court passing thereon." This does not apply to the charge of the court given on its own motion. Discussion as to the propriety of giving instructions, after they have been given in the presence of the jury, is not contemplated by our procedure. It is within the discretion of the trial court to permit or refuse to permit counsel to state the grounds of an exception to an instruction in the presence of the jury at the time it is given, but counsel should not be permitted to argue the correctness or incorrectness of instructions by including argumentative matter in stating the grounds of an exception to an instruction.

The exception to the verdict on the ground that it is contrary to law, contrary to the evidence, and contrary to the law and the evidence, is not sustained. As hereinbefore stated, the evidence was amply sufficient to warrant the verdict of guilty as charged against the defendant.

Finding no prejudicial error in the record authorizing a new trial, the exceptions are overruled.

*E. C. Peters* and *R. J. O'Brien* for the Territory.

*C. H. McBride* for defendant.