## TERRITORY v. SADAO HONDA.

### No. 1992.

ARGUED APRIL 16, 1931.                    DECIDED APRIL 25, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

The defendant was convicted of assault with intent to ravish and was sentenced to imprisonment in Oahu Prison for a term of years. The case is here on a writ of error. Most of the assignments of error relate to the refusal of the court below to give certain instructions requested by the defendant and to rulings on evidence.

The alleged assault occurred on June 21, 1930, at a secluded place in the neighborhood of Koko Head. A young Japanese girl, sixteen years old, is alleged to have been the victim. The defendant testified that he intended and attempted to have sexual relations with the girl but his contention is that she was entirely willing and that

the consummation of his desire was only prevented by his physical inability.

The first assignment of error is to the refusal of the court below to direct a verdict in favor of the defendant. This assignment is based on the hypothesis that there was no substantial evidence, amounting to more than a scintilla, that the girl was unwilling to accommodate the defendant and that she resisted his attempts. This hypothesis is completely destroyed by the testimony of the girl that the defendant tore off a portion of her underclothing and choked her and that she resisted as far as she was able. Her testimony was corroborated, if corroboration were needed, by that of Dr. Chock, a police surgeon, who testified that he examined the girl on June 23 and found the skin scraped off the front part of her neck, small lumps on her left temple and blue marks on her left knee and ankle. This is certainly substantial evidence, and amounts to more than a scintilla, that the girl did not consent. This assignment is consequently without merit.

The next assignment of error insisted on is the refusal of the court to give the following instruction: "I further instruct you that if the testimony in this case in its weight and effect is such that two conclusions can reasonably be drawn from it, the one favoring the defendant's innocence and the other tending to establish his guilt, law, justice and humanity demand that the jury shall adopt the one favoring the defendant's innocence and find the defendant not guilty." This instruction means nothing more than that the jury must believe from the evidence, beyond a reasonable doubt, that the defendant was guilty before it would be justified in returning a verdict of guilty against him. This principle of law was fully impressed upon the jury by other instructions that were given and therefore its refusal was not prejudicial to the defendant. Notably,

in the Territory's instruction No. 13, which was given by consent, the jury was told: "I further instruct you that the burden of proof is upon the Territory and the law, independent of the evidence, presumes a defendant to be innocent, and this presumption continues and attends him at every stage of the case until it has been overcome by evidence which proves him guilty to your satisfaction and beyond a reasonable doubt." The court then goes on to define, in thoroughly approved terms, what constitutes a reasonable doubt, and the jury is finally instructed: "You should take all the testimony and all the circumstances into account and act as you have such abiding belief the fact is." Under these circumstances we think it was unnecessary to the protection of the defendant's rights for the court to reiterate what in substance it had already said. The purpose of instructions is to inform the jury of the legal principles which, in reaching a verdict, it should apply to the evidence. Mere repetition of these principles serves no useful purpose and it is not required.

The refusal to give the instruction which is the basis of the next assignment of error relied on was for the same reasons not error. This instruction is as follows: "I further instruct you that you cannot rely on possibilities to convict this defendant. The proof must be such as to convince you of his guilt beyond every reasonable doubt and must be inconsistent with any reasonable hypothesis other than his guilt." This was merely putting in another form the principle embodied in the instruction that was given.

The next assignment of error insisted upon is the refusal of the court to give the following instruction: "If after consideration of the whole case, any juror should entertain a reasonable doubt of the guilt of the defendant, it is the duty of such juror so entertaining such doubt not to vote for a verdict of guilty, nor to be influenced in so

voting for the single reason that a majority of the jury should be in favor of a verdict of guilty." It was entirely discretionary with the trial court to give or refuse this instruction. It does not announce a principle of law but is merely an admonition to each juror not to abandon his belief that there is a reasonable doubt of the defendant's guilt solely because a majority of his fellow jurymen is in favor of his conviction. Presumably no juror needs any such quickening of his conscience nor does he need to have his resolution to render an honest verdict strengthened by judicial warning. In *People* v. *Singh,* 20 Cal. App. 146, 150, the court said: "The trial court refused to give certain requested instructions, which were to the effect that the defendant was entitled to the individual opinion of each member of the jury, and that if any juror entertained a reasonable doubt of the guilt of the defendant he should not vote for a verdict of guilty merely because a majority of the jurors believed the defendant to be guilty." In holding that the refusal to give these instructions was not reversible error the court said: "The subject matter of the requested instructions was substantially embodied in the oath administered to the jurors 'that they and *each* of them' would 'well and truly try the matter at issue * * * and a true verdict render according to the evidence.' The requested instructions were in effect simply admonitory and cautionary of the sworn duty of the jurors, and merely told them to do what they should do without any instruction upon the subject." Circumstances may arise during the deliberations of a jury in which it would be advisable to give some such admonition but they are not presented in this case. On the contrary the record shows that the jury retired at 3:25 and returned a verdict at 3:52 p. m., remaining out only twenty-seven minutes. This is a conclusive indica-

tion that the jury had no difficulty in finding the defendant guilty.

The next assignment of error to which our attention is directed is the refusal of the court to allow the prosecution's witness, M. Itagaki, to answer a question that was propounded to him on cross-examination. This witness testified that before he started as a plumber's helper he used to run the Koko Head restaurant at Kuliouou. He was then asked: "Is that the tea house at Kuliouou that has been raided several times?" Objection to this question was made by the Territory and was sustained. The defendant then offered to prove by the witness that the tea house had been raided several times for liquor and the offer of proof was rejected. The only purpose of the question and offer of proof was to discredit the witness. Even if it had been sought to prove that the tea house had been raided during the time it was under his management it is questionable whether such testimony would have been relevant. However this may be, a general inquiry of the witness as to whether the tea house was the one that had at some unspecified time been raided, without reference to whether the raid was made while the witness was connected with it, was an irrelevant and incompetent question, and the proof offered to be made was likewise irrelevant and incompetent.

The next assignment of error relates to the action of the court in sustaining an objection to the following question propounded to Itagaki on cross-examination: "You compromised a case of this kind for six hundred dollars haven't you?" Upon the objection to this question being sustained the following offer of proof was made: "I offer to prove by this witness that he compromised an assault case, in an assault made by him on one girl, with a man at Waikiki for six hundred dollars." Upon being asked by the court as to the purpose of the offer counsel for the

918

defendant said: "Affecting his (the witness's) "credibility." Thereupon the offer was rejected.

There was no error in sustaining the objection to the question. When on cross-examination it is sought to discredit a witness by eliciting from him information concerning his conduct the question must, in order to justify its allowance, pertain to some specific act which, if admitted by the witness, would on its face tend to impeach his moral character and thus either destroy or lessen the value of his testimony. The question was not so framed. If it had been allowed and the witness had answered it in the affirmative, the fact thus admitted, namely, that he had compromised a case, similar to the one on trial, for $600, would not of itself have reflected on his veracity. The case compromised may have been one of blackmail and the witness, as many men have done, in order to escape the notoriety of a trial or the embarrassment of possible newspaper publicity, may have thought it best to pay the sum of money demanded, or the witness may have brought about the settlement of a case pending or threatened against a friend. It would hardly be contended that under these circumstances his credibility as a witness was affected by his act.

Likewise it was not error to reject the offer of proof. The offer contains two clauses, one to prove by the witness that he committed an assault on a girl and the other that he compromised the case. Assuming but not deciding that the fact of the witness's having committed an assault on a girl was relevant, certainly the fact that he compromised the case was irrelevant. The latter fact would in no way reflect on his credibility as a witness. It is well settled that "when an offer of proof includes that which is admissible with that which is not, and the competent and incompetent are blended together, it is not the duty of the court to separate the legal from the illegal,

but the whole may be rejected without commission of error." 6 Jones on Evidence 4999. In *Clark* v. *Ryan*, 95 Ala. 406, 408, the court said: "Defendant offered to prove that 'the plaintiff was given to the excessive use of intoxicating liquors, and that he had been indicted in the courts of Tuskaloosa county for the offense of public drunkenness.' On objection, this testimony was ruled out. Offered as a whole, as this testimony was, there was no error in the ruling. The second clause was not legal evidence, and it was not the duty of the court to separate the legal from the illegal, and thus do for the appellant what he should do for himself."

The case of *Alford* v. *United States* (reported in the Advance Sheets of the U. S. Reports), cited by the defendant, is not in point. In that case the witness on cross-examination was asked where he lived and an objection to the question was sustained. The Supreme Court in holding that this was prejudicial error which necessitated a reversal said: "Cross-examination of a witness is a matter of right. * * * Its permissible purposes, among others, are that the witness may be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood * * *; that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment * * *; and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased * * *." This reasoning obviously is not applicable to the questions that were disallowed in the instant case. There were other circumstances in the *Alford* case, but which do not exist in the present case, which influenced the decision of the court.

The two remaining assignments of error relate to the verdict and the judgment. They are based on the assump-

920

tion that there was not sufficient evidence to support them. These assignments are without merit for the same reason that the assignment relating to the requested instruction for a directed verdict is without merit. Both the verdict and the judgment are amply supported by the evidence.

There are other assignments of error which need not be considered for the reason that they were withdrawn at the time the case was argued.

The judgment appealed from is affirmed.

*M. Marumoto* (*Thompson, Beebe & Winn* on the briefs) for plaintiff in error.

*G. Wight,* Deputy City and County Attorney (*J. F. Gilliland,* City and County Attorney, with him on the brief), for the Territory.

