STATE OF HAWAII *v.* DANIEL BONIFACIO AYALA.

No. 4351.

MARCH 8, 1963.

TSUKIYAMA, C. J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

*Per Curiam.* Appellant (defendant) was convicted in the First Circuit Court, after a jury trial, of burglary in the second degree. He retained two attorneys who represented him on the trial. They filed a motion for a new trial which, after hearing thereon, was denied. Defendant was sentenced to the maximum term and while in prison sent a letter to the trial judge voicing his dissatisfaction with the conviction and intimating that he wanted to appeal. In another letter in the file the defendant indicated that his attorneys were retained only for the trial. The court treated the first letter as an application for leave to appeal in forma pauperis. After a hearing, in which the defendant personally appeared before the court, the application was denied.

Subsequently defendant's attorneys reappeared in the case and filed a formal application on his behalf for leave to appeal in forma pauperis under the provisions of R.L.H. 1955, § 253-5, as amended by S.L.H. 1957, Act 239. The application set out that the defendant intended to rely on the appeal on the following points: (1) That the court erred in denying his motions for a judgment of acquittal at the conclusion of the State's case and at the conclusion of the evidence; (2) That the court erred in denying his motion for a new trial, as amended; and

(3) That the court erred in its refusal to grant eight of his requested instructions.

The grounds stated in the motion for a new trial, as filed, included the first and third points above set out. The motion for a new trial also reveals that the motions for acquittal were based on the contention that the evidence was insufficient to support a conviction. At the hearing on the motion for a new trial the defendant was permitted to orally amend the motion to include a further ground to the effect that he did not have a fair and impartial trial due to the alleged fact that the deputy prosecutor trying the case had conversed with one of the jurors during a recess.

Defendant was present and was also represented by his counsel on the hearing of the application for leave to appeal in forma pauperis. The trial judge entered a written order denying the application. In the order he certified that the proposed appeal was frivolous and not taken in good faith. This order is now before us on appeal. The appeal was filed on the defendant's behalf by his counsel, both of whom, in the certificate required of them under the practice prescribed by *In re Carvelo*, 44 Haw. 31, 352 P.2d 616, have stated that they are of the opinion that the trial court's denial for leave to appeal in forma pauperis was not unwarranted.

While the trial court's certification that an appeal in this case would be frivolous is entitled to weight, we appreciate that it is not conclusive. *In re Carvelo, supra; Coppedge* v. *United States,* 369 U.S. 438. However, we have carefully examined the circuit court record in this case and have concluded that the trial judge's denial of appellant's application was clearly justified. In our opinion, none of the grounds set forth as the intended basis of the appeal has any semblance of substance.

In respect to the contention that defendant did not

have a fair trial by reason of the deputy prosecutor's conversation with a juror during the trial, it is clear that the failure to raise the point during the trial constituted a waiver thereof. *Territory* v. *Young,* 32 Haw. 628, 644. Further, it is obvious from the record, as related hereunder, that the incident was of no moment and could not have prejudiced the defendant.

The trial court continued the hearing on the motion for new trial and subpoenaed the juror to appear. The minutes show that at the adjourned hearing the juror was examined, and that he testified he did not have any conversation with the deputy prosecutor—that what occurred between them was merely that the deputy prosecutor told him during a recess that he should not chew gum in the jury box.

An examination of the record reveals that each of the defendant's eight requested instructions which were refused was fully covered in the court's charge to the jury. Most of the instructions denied were given word for word in the charge. The remainder were covered in substance. No error can, therefore, be predicated on the refusal to give the requested instructions. See *Territory* v. *Martin,* 39 Haw. 100, 121; *Territory* v. *Aquino,* 43 Haw. 347, 380; *State* v. *Yoshida,* 45 Haw. 50, 64, 361 P.2d 1032, 1040.

The court has stated in its certificate that the jury's verdict rested on its determination of credibility of witnesses. Defendant's counsel, who also represented him at the trial, have conceded that the credibility of witnesses was the turning point. As is stated in *In re Carvelo, supra,* and as has been held in many other cases in this jurisdiction, a verdict depending on the jury's determination of the credibility of witnesses is conclusive on appeal. See *State* v. *Carvelo,* 45 Haw. 16, 33, 361 P.2d 45, 54. *Cf., United States* v. *Johnson,* 327 U.S. 106, 113.

An application for leave to appeal in forma pauperis

on the ground of the insufficiency of the evidence should specify wherein it is contended the evidence was insufficient and it should also present a summary of the pertinent evidence prepared from counsel's notes and recollection in support of the contention. These should be presented to the trial judge for his comment thereon and thereafter transmitted as part of the record on appeal from the denial of the application. If the need of a transcript appears we will order the pertinent portion. In the present case there is no basis for such order. The mere assertion in this case to the effect that the evidence was insufficient to sustain the verdict cannot and does not impeach the verity of the trial court's statement that the verdict turned on the jury's determination of the credibility of witnesses.

In view of the foregoing, it is our opinion that there is no adequate basis shown in the case for allowance of an appeal in forma pauperis. The order appealed from is therefore affirmed.

*Isao Ito* and *Harry T. Tamura* for appellant.