STATE OF HAWAII *v.* J. D. STUART,
ALSO KNOWN AS J. D. JAMES.

No. 4798.

March 12, 1970.

Richardson, C.J., Marumoto, Abe, Levinson, JJ., and
Circuit Judge Ogata for Kobayashi, J., Disqualified.

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendant was convicted in circuit court of embezzlement. This appeal challenges the sufficiency of the evidence on the question of intent and attacks the trial court's refusal to give two instructions requested by the defendant.

Defendant had been the manager of several Waikiki apartments owned by the complainant, who lived in California. Under an arrangement with the owner, defendant was to collect rent from the tenants each month and to deposit it to the owner's account at the Bank of Hawaii.

Defendant was also to send a monthly report of his rent collections to the owner in California each month. Defendant was in charge of the apartments starting at the beginning of February, 1968. Toward the end of March, 1968, the owner returned from California and confronted the defendant with a discrepancy between the amount of rent collected, as shown by the report sheet sent to the owner, and the amount of the deposits made to the owner's bank account, as shown by the bank's statement. The owner claimed a deficit of some $1,385.58 over the two months. The owner rejected defendant's attempted explanations of the shortage and notified the police. Defendant was charged with embezzlement and a jury convicted him of that crime.

### A. *Sufficiency of the Evidence*

Defendant first contends that the evidence was insufficient to show fraudulent intent, so that a material element of the crime was not proved. Therefore, he argues that his motion for a directed verdict of acquittal in the circuit court should have been granted.

This contention is without merit. It is true that no direct evidence of intent was introduced; but such evidence is not required. The law permits an inference of the requisite intent from evidence of the words or conduct of the defendant. *Territory* v. *Ebarra*, 39 Haw. 488, 490 (1952), *Territory* v. *Palai*, 23 Haw. 133 (1916), *Lo Toon* v. *Territory*, 16 Haw. 351 (1904). Furthermore, a motion for a directed verdict must be considered on the basis of all the evidence, viewed in the light most advantageous to the opponent of the motion, including reasonable inferences to be drawn from that evidence. The question is whether there is substantial evidence to support the jury's verdict of guilty. *State* v. *Kekaualua*, 50 Haw. 130, 132, 433 P.2d 131 (1967).

It is quite clear that the record contains enough evi-

dence for the jury to infer from the conduct of the defendant that he acted with fraudulent intent. We refer to the testimony of the owner:

> I called Mr. Stuart up and asked him how come only $913 deposited, so he said, "Oh, I just made the deposit just yesterday. Just yesterday. It's all there. It's all straight. The deposit was made straight. It's all there. It's all been made up for."

However, the bank statements showed that sufficient deposits had not been made. Since this fact was inconsistent with the defendant's statement, the jury could have inferred that the defendant meant to conceal the deficit by deceiving his employer. The owner further testified:

> ... I said, "what happened to all the shortages?" He said, "Well, it's here. I bought a few things. I bought the typewriter and I bought a desk for it and so on," which he had no authority from me to buy it. You see, he had the checking account for expenses; and he used the cash for purchase of a typewriter and radios and tape recorders, and all kinds of junk he bought. He spent money right and left for his own purpose.

From this testimony, the jury could have inferred that the defendant meant to convert some of the owner's money to his own use and benefit.

Also, after first denying that there was any shortage, the defendant later admitted that there was a shortage and asked time to repay the money. This was after he was confronted with the existence of the shortage, and at the trial evidence was adduced that the defendant had earlier attempted to conceal the shortage. The owner testified:

> ... The monthly report was manipulated, you know, to make the rentals for February balance. Mr. Stuart used the March rentals for February rent to make up his total on the statement—to make it look like February was all paid. He manipulated the figures. He used

the March rentals and added it to the February to make it balance; to make his report sheet balance with the ledger and the report sheet that he mailed me.... He added this to the report sheet. He added $895 to the February rent. The March collection over there (indicating) was added to the February rent to make it balance as if it was all balanced—all paid.

From this testimony the jury could have inferred that the defendant meant to deceive the owner and conceal the deficit.

While some of these statements were controverted by the defendant, it was the function of the jury to determine whom to believe. It is enough for us to note that there was clearly substantial evidence in the record to support the jury's verdict. The defendant's motion for a directed verdict of acquittal was properly refused, and there was sufficient evidence to sustain the verdict.

### B. *Defendant's Requested Instructions*

Defendant also contends that the jury should have been instructed, as requested by defendant, that "the mere deficiency in the accounts of 312 Ohua Studios, without proof of conversion or deceit, is not sufficient evidence on which to convict the defendant of embezzlement. That it must appear beyond a reasonable doubt that he converted the money with a fraudulent intent." Assuming that this is a correct statement of the law, the subject was sufficiently covered in the following instructions that were given to the jury:

[Court's Instruction Number 6] A jury must not convict a person charged with crime upon mere suspicion, however strong, or simply because there is considerable or even a preponderance of the evidence in the case against him. What the law requires before a defendant can be convicted of a crime is not suspicion, not proba-

bilities, but proof of his guilt beyond a reasonable doubt.

[Court's Instruction Number 7] The burden is upon the prosecution to prove the accused guilty beyond a reasonable doubt *of every material element* of the crime charged, and a defendant has the right to rely upon a failure of the prosecution to establish such proof.

\*　　　\*　　　\*　　　\*　　　\*

The real question is whether, after hearing the evidence and from the evidence, you have or have not an abiding belief, amounting to a moral certainty, that the defendant is guilty and that *all of the material elements of the offense charged in the indictment have been proved....*

[Court's Instruction Number 22] The defendant in this case is charged with the crime of embezzlement. Under our law, if any person is entrusted with, or has the possession, control, custody or keeping of a thing of value of an owner with the consent or authority of the owner; and if he, *without the consent and against the will of the owner, fraudulently converts the same to his own use and benefit,* then he is guilty of embezzlement.

Therefore, in this case, *the material elements of the crime* with which the defendant is charged are as follows:

\*　　　\*　　　\*　　　\*　　　\*

(3) *That Mr. Stuart fraudulently converted* rents which he collected to his own use and benefit in an amount of more than $100. *A fraudulent conversion is one made with intent to deprive the owner of his property unlawfully or deceitfully.* (Emphasis added.)

These instructions fully and adequately covered the points raised in the requested instruction. This court has uniformly held that where a given proposition of law is re-

quested to be given in an instruction, the instruction may properly be refused where the same proposition is adequately covered in another instruction that is given. This is true even where the refused instruction is a correct statement of the law. *State* v. *Shon*, 47 Haw. 158, 168, 385 P.2d 830 (1963), *State* v. *Ayala*, 46 Haw. 349, 351, 379 P.2d 590 (1963), *Territory* v. *Martin*, 39 Haw. 100, 117, 121 (1951), *Territory* v. *McGregor*, 22 Haw. 786, 792 (1915). The rule enunciated in these cases is dispositive of defendant's contention.

Finally, defendant contends that the jury should have been instructed that "[i]f the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

"You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt."

A very similar instruction was requested and refused in *Territory* v. *Honda*, 31 Haw. 913, 914 (1931). There, the refused instruction was:

I further instruct you that if the testimony in this case in its weight and effect is such that two conclusions can reasonably be drawn from it, the one favoring the defendant's innocence and the other tending to establish his guilt, law, justice and humanity demand

that the jury shall adopt the one favoring the defendant's innocence and find the defendant not guilty.

However, in the *Honda* case we said:

This instruction means nothing more than that the jury must believe from the evidence, beyond a reasonable doubt, that the defendant was guilty before it would be justified in returning a verdict of guilty against him. This principle of law was fully impressed upon the jury by other instructions that were given and therefore its refusal was not prejudicial to the defendant. Notably, in the Territory's instruction No. 13, which was given by consent, the jury was told: "I further instruct you that the burden of proof is upon the Territory and the law, independent of the evidence, presumes a defendant to be innocent, and this presumption continues and attends him at every stage of the case until it has been overcome by evidence which proves him guilty to your satisfaction and beyond a reasonable doubt."

The *Honda* trial court also defined, in thoroughly approved terms, what constitutes a reasonable doubt. We concluded that

... it was unnecessary to the protection of the defendant's rights for the court to reiterate what in substance it had already said. The purpose of instructions is to inform the jury of the legal principles which, in reaching a verdict, it should apply to the evidence. Mere repetition of these principles serves no useful purpose and it is not required. *Territory* v. *Honda,* 31 Haw. 913, 915 (1931).

In the present case, the jury was likewise fully and adequately instructed upon both the presumption of innocence and reasonable doubt. Court's Instruction Number 5 gave a fully adequate explanation of the presumption of innocence:

Every defendant is presumed to be innocent of the offense charged in an indictment, and so strong is this presumption that it clings to him, surrounds, shields, and protects him throughout the trial of this case, unless and until you are convinced beyond a reasonable doubt to the contrary. You are not to start out with the premise that he is guilty, or must be guilty because he has been charged with crime or because he was arrested by the police. The police department and the grand jury are merely instruments by which this case has been brought to trial; and their action in this case must be considered by you as placing a charge against a person presumed to be innocent because the law says that he is innocent unless and until his guilt has been established beyond a reasonable doubt.

This presumption of innocence is not a mere form to be disregarded by you at your pleasure, but it is an essential, substantial part of the law of the land, is binding upon you in this case, and it is your duty to give this defendant the full benefit of this presumption and to acquit him unless the evidence convinces you of his guilt beyond a reasonable doubt.

Court's Instruction Number 6 instructed the jury that:

A jury must not convict a person charged with crime upon mere suspicion, however strong, or simply because there is considerable or even a preponderance of the evidence in the case against him. What the law requires before a defendant can be convicted of a crime is not suspicion, not probabilities, but proof of his guilt beyond a reasonable doubt.

Court's Instruction Number 7 was that:

... [a] reasonable doubt is a doubt founded upon reason and common sense and arising from the state of the evidence.

A reasonable doubt may arise not only from the

evidence produced, but also from a lack of evidence.

The real question is whether, after hearing the evidence and from the evidence, you have or have not an abiding belief, amounting to a moral certainty, that the defendant is guilty and that all of the material elements of the offense charged in the indictment have been proved. If you have such a belief so formed, the state has discharged its burden of proof and it is your duty to convict, and if you have not a belief so formed, it is your duty to acquit.

Both instructions requested by defendant merely restated in different terms propositions upon which the jury was fully and adequately instructed; and there was substantial evidence to support the jury's verdict.

Affirmed.

*James M. Morita* and *Robert S. Toyofuku* for defendant-appellant.

*William J. Eggers III,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, with him on the brief), for plaintiff-appellee.

---

CONCURRING OPINION OF LEVINSON, J.

Because the opinion of the majority has failed to cover adequately a number of important questions raised by this case which were neither briefed nor argued fully, I am constrained to offer a concurring opinion.

## I. MOTION FOR ACQUITTAL

### A. *Functions of Motion for Acquittal.*

My primary objection to the majority opinion is that it fails to distinguish between the standard which a trial judge must apply on a *motion for acquittal* and the standard used on appeal to determine if there is sufficient evi-

dence to support a verdict of guilty. *Compare State* v. *Kekaualua,* 50 Haw. 130, 132, 433 P.2d 131, 133 (1967) (appellate review of sufficiency of evidence) *with State* v. *Butler,* 51 Haw. 180, 455 P.2d 4 (1969) (review of denial of motion for acquittal). As I shall point out, these two aspects of a criminal proceeding—motion for acquittal and appellate review of the sufficiency of the evidence— are very different. They perform distinct functions in the criminal process and require separate consideration.

We must begin analysis with Rule 29(a) of the Hawaii Rules of Criminal Procedure which governs motions for acquittal. That rule states that the motion for acquittal shall be granted "if the evidence is *insufficient* to sustain a conviction of such offense or offenses." (emphasis added) It is obvious that the words of Rule 29(a) offer little guidance to the trial judge who must consider such a motion. Hence policy and experience must be considered in shaping the test which will constitute a legal standard controlling a motion for acquittal. In order to do this, I would first place the motion for acquittal in its proper place in the criminal process.

The motion for acquittal is of utmost importance in a criminal case. It should operate as a screening device to prevent the accused's case from going to the jury when the prosecution has failed to introduce evidence of a certain quantum from which the jury can find him guilty beyond a reasonable doubt. This power to keep the case from the jury serves (1) to protect the innocent, (2) to keep the pressure on the judge, prosecutor and police to perform their duties in screening out cases not fit for trial, and (3) to maintain the criminal sanction as one of a serious nature which requires higher standards of proof than a civil action. See Goldstein, *The State and the Accused: Balance of Advantage in Criminal Procedure,* 69 Yale L.J. 1149, 1161-62 (1960). *See generally* Note, *The Motion for Ac-*

*quittal: A Neglected Safeguard,* 70 Yale L.J. 1151 (1961).

A viable test must therefore be commensurate with the trial aspect of the criminal process, at which point it becomes the government's obligation to prove the accused guilty beyond a reasonable doubt. The majority opinion recognizes that there must be "substantial evidence to support the jury's verdict of guilty." That opinion also states that "[i]t is quite clear that the record contains *enough evidence* for the jury to infer from the conduct of the defendant that he acted with fraudulent intent." (emphasis added) This test provides no guidance at all to help trial judges rule on motions for acquittal. How much evidence is "enough evidence"? By what standard can that be judged? What the majority seems to be saying is that a case can go to the jury as long as there is a possible inference of guilt to be derived from substantial evidence however attenuated the inference may be. Whatever merit such a test may have on an appeal which contests the sufficiency of the evidence, different considerations are presented when the trial judge, on the scene in the midst of the trial, is asked to make a ruling whether the quantum of evidence is sufficient to send the case to the jury. He is fully aware of all that has gone on and is peculiarly able to make an educated ruling.

The requirement that the defendant is presumed innocent and must be proven guilty beyond a reasonable doubt should guide us in fashioning a more satisfactory test. While the "presumption of innocence" and the "reasonable doubt" test have never been specifically held to be constitutionally mandated, Hawaii has given them the force of law. HRS § 705-2, *cf. State* v. *Matsuda,* 50 Haw. 128, 432 P.2d 888 (1967); *Territory* v. *Young,* 37 Haw. 150 (1945). Further, in my opinion the presumption of innocence and the necessity for the government to prove an accused guilty beyond a reasonable doubt are constitutionally impelled

as "necessary to an Anglo-American regime of ordered liberty." *Duncan* v. *Louisiana,* 391 U.S. 145, 149 n.14 (1968). These safeguards were firmly embedded in English law and have been incorporated into the American system of criminal justice. 9 Wigmore, *Evidence* § 2497 (3d ed. 1940). It is therefore incumbent upon this court to construct a standard which will serve as an effective screen to keep cases which are objectively susceptible of a reasonable doubt from going to the jury and risking the conviction of the accused in violation of his constitutional rights.

### B. *Defendant's Dilemma on Denial of Motion for Acquittal at Close of Prosecution's Case.*

When the motion for acquittal is made at the close of the prosecution's case, the question is whether the defendant need continue in light of the heavy burden of proof which the prosecution must sustain and the presumption of innocence which shields the defendant. In order to make these rights of a defendant meaningful, the reviewing court must take only the prosecution's evidence, giving it full weight, and subject it to judicial scrutiny. Just as the trial court must make its decision at the time that the motion is made, without reserving its ruling,[1] the review of a denial of a motion for acquittal made at the close of the prosecution's case must deal only with the evidence theretofore introduced by the prosecution.[2] Any other procedure would dilute the effectiveness of the motion for acquittal which rule 29(a) of the Hawaii Rules of

---

[1] Weathers v. United States, 322 F.2d 566 (9th cir. 1963) ; Jackson v. United States, 250 F.2d 897 (5th cir. 1958) ; State v. Butler, 51 Haw. 180, 187, 455 P.2d 4, 8 (1969) (concurring opinion).

[2] *See* Cephus v. United States, 324 F.2d 893 (D.C. cir. 1963) (opinion by Bazelon, C.J. with Wright, J. concurring) ; *see generally,* Note, *The Motion for Acquittal: A Neglected Safeguard,* 70 Yale L.J. 1151 (1961) ; 8 Moore, *Federal Practice* ¶ 29.05 (2d ed. 1969).

Criminal Procedure allows at the close of the prosecution's case.

Many courts appear to have applied in criminal cases the civil rule that if a defendant proceeds with his evidence upon the denial of his motion for acquittal, there is an "election" or a "waiver" and upon review the appellate court will consider all the evidence introduced, even that which the defense may have introduced which fills in gaps in the prosecution's case.[3] Such a result in a criminal case is inconsistent with the burden on the prosecution to prove its case beyond a reasonable doubt. It compels the defense to choose between (1) resting its case without presenting any evidence in order to perfect an appeal precisely on the denial of a motion for acquittal at that point, and (2) going forward with its case thereby forfeiting any meaningful review of the prosecution's discharge of its burden of proof. Such a choice places the defendant over the proverbial barrel and is a dilemma which, in my judgment, the nature of the criminal process and the federal constitution prohibits.

## C. *Appellate Review of Denial of Motion for Acquittal.*

Having determined what evidence is to be reviewed, I now turn to a consideration of the applicable standard to be used in reviewing that evidence. Some courts have adopted the standard of ultimate persuasion where the judge must be satisfied that the prosecution introduced substantial evidence of the facts which exclude *every other hypothesis* than that of guilt. At the other end of the spectrum is the rule seemingly adopted by this court that makes no distinction whatsoever between civil and criminal cases. Only "substantial evidence" need be required in

---

[3] See Note, *supra*, note 2 at 1152, n.9 (citing cases) ; compare Low v. Honolulu Rapid Transit, 50 Haw. 582, 445 P.2d 372 (1968) for the traditional civil rule in a civil case.

order to submit the case to the jury. See 2 Wright, *Federal Practice and Procedure* § 467 (1969). The overwhelming majority of the courts appear to have accepted some form of the test first announced by Judge Prettyman in *Curley* v. *United States,* 160 F.2d 229, 232-33 (D.C. cir. 1947) *cert. denied* 331 U.S. 837 (1947) :

> If the evidence is such that reasonable jurymen must necessarily have such a doubt, the judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration. But if a reasonable mind might fairly have a reasonable doubt or might fairly not have one, the case is for the jury, and the decision is for the jurors to make. . . .
>
> The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion must be granted. If he concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, he must let the jury decide the matter.

See the cases collected in 2 Wright, *Federal Practice and Procedure* § 467 at 256-57, 257 n.72 (1969).

While falling between the two extremes previously mentioned—*i.e.,* the exclusion of *every* reasonable hypothesis on the one hand and equating a civil case with a criminal case on the other hand—the text enunciated in *Curley* would provide the trial judge with a workable

standard with which to screen effectively the evidence before it goes to the jury, rather than leaving it to this court to pass upon with a cold record. Further, in screening the evidence, such a test serves to recognize the "fixed bounds of jury consideration." This test was recently adopted by the Ninth Circuit in *United States* v. *Nelson,* 419 F.2d 1237 (9th cir. 1969). I find the court's opinion by Judge Browning thorough and very persuasive.

Since the evidence of the defendant's intent to embezzle the funds was such that "a reasonable mind might fairly conclude guilt beyond a reasonable doubt," I concur with the result of the majority opinion, while recommending that the above rule be adopted by the court.

## II. INSTRUCTION TO JURY ON CIRCUMSTAN- TIAL EVIDENCE

I do not think that a special instruction on circumstantial evidence informing the jury that it is duty-bound to choose the reasonable inference of innocence if two reasonable inferences are possible is constitutionally required. This is in spite of the fact that its origin is well founded in the common law.[4] The question is whether the jury is adequately informed of the "proof beyond a reasonable doubt" standard by a general instruction in a case based on circumstantial evidence. If both the general and special instructions are adequate, the question to be decided is which instruction is preferable as a policy matter.

The United States Supreme Court has taught us that a special instruction on circumstantial evidence similar to that asked for by the defendant in this case is both "confusing and incorrect." *Holland* v. *United States,* 348 U.S. 121, 139 (1954).[5] As that court recognized, there is very

[4] This is the famous Hodge's Case instruction. 2 Lewin 227, 168 Eng. Rep. 1136 (1838).

[5] See also United States v. Nelson, 419 F.2d 1237 (9th cir. 1969).

little, if any, probative difference between direct and circumstantial evidence. See 1 Wigmore, *Evidence* §§ 25, 26 (3d ed. 1940). If adequate instructions are given on the reasonable doubt standard, and if the trial judge has been able to screen the evidence on a proper motion for acquittal or on his own initiative, see H.R.Cr.P. Rule 29(a), the failure to give such an instruction is not error.

Finally, *Territory* v. *Honda,* 31 Haw. 913, 914, (1931), cited by the majority in support of the trial court's refusal to allow the special instruction on circumstantial evidence does not fit the facts of this case. In *Honda* there was *direct* evidence of assault with intent to rape, hence the necessity for the special instruction on circumstantial evidence was not present.

Having expressed my differences with the majority, I respectfully concur.