# RICHARD S. GIBO v.
# CITY AND COUNTY OF HONOLULU.

## No. 4701.

SEPTEMBER 26, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, KOBAYASHI, JJ., AND
CIRCUIT JUDGE MASATO DOI IN PLACE OF
LEVINSON, J., DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

On May 23, 1964, plaintiff accompanied by his wife and Mrs. Nakasone arrived at Maluhia Hospital to identify the body of his deceased son. The plaintiff used the ambulance-garage area approach to the morgue instead of the main entrance to the hospital. While walking over the second ambulance stall he slipped, fell and suffered a broken kneecap.

The evidence is uncontradicted that employees of the hospital had knowledge that the public used the garage area as a walkway to an entrance of the hospital. The employees also testified that oil pans had been used to "catch the oil drippings from the engine part of the ambulance."

All of the witnesses who were at the scene testified that the oil or oil slick was on the concrete floor of the second stall where plaintiff fell.

Plaintiff underwent surgery and while convalescing at his home he re-injured the same knee when he stumbled over a mango root while manually watering his lawn on crutches.

After a jury trial, the jury returned a verdict for plaintiff for the sum of $78,574.30 ($75,000 general damages and $3,574.30 special damages). Judgment was entered accordingly and defendant appealed.

## I.

The first issue is whether the trial judge erred in charging the jury that plaintiff was an invitee of the City and County of Honolulu when he entered the premises of Maluhia Hospital and that the City owed the plaintiff a duty to use ordinary care for his safety.

On the basis of common law distinctions, the City contends that the status of plaintiff, whether an invitee or a licensee, at the time he entered the premises was for the jury's determination and, therefore, the trial judge committed prejudicial error. We hold that error, if any, was non-prejudicial under the facts of this case.

In *Pickard* v. *City and County of Honolulu,* 51 Haw. 134, 452 P.2d 445 (1969), decided subsequent to the trial of this case, we refused to recognize the common law distinctions between licensees and invitees and the different degree of care owed them by an occupier of land and said at page 135:

[A]n occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be upon the premises, regardless of the legal status of the individual.

Thus, under *Pickard* the factual issue is not whether an individual is an invitee or a licensee, but whether he is a person anticipated upon the premises. In this case, the City had knowledge of the use by the public of the ambulance garage area as a walkway, and under the rule of *Pickard,* the City owed the plaintiff, whether he was an invitee or a licensee, the same duty—a duty to use reasonable or ordinary care for his safety.

Therefore, the trial judge's charge to the jury that the City owed the plaintiff "the legal duty to exercise ordinary care under the circumstances to keep such premises in a condition reasonably safe" for his use correctly stated the

City's duty; and though it was coupled with an instruction that the plaintiff was an invitee as a matter of law, we hold that there was no prejudicial error.

## II.

The other issue is whether the trial judge adequately instructed the jury on the question of liability as to the injuries and damages that resulted from the second fall.

The general rule is that a defendant is liable in damages to a plaintiff for all injuries proximately caused by his negligence. *Dalton* v. *Gesser,* 72 N.J. Super. 100, 178 A.2d 64 (1962); *Pope* v. *Pinkerton-Hays Lumber Co.,* 120 So. 2d 227 (Fla. 1960); *Menarde* v. *Philadelphia Transp. Co.,* 376 Pa. 497, 103 A.2d 681 (1954). Then, where a defendant's negligence causes injuries to a plaintiff and because of the weakened or impaired physical condition plaintiff suffers subsequent injuries, which are not brought about by the negligence of plaintiff, or any efficient intervening cause, defendant's negligence is deemed to be the proximate cause of both the original and subsequent injuries. *Hemmings* v. *Weinstein,* 151 Conn. 502, 199 A.2d 687 (1964); *Pope* v. *Pinkerton-Hays Lumber Co., supra; Lester* v. *Hennessey,* 20 Ill. App. 2d 479, 156 N.E.2d 247 (1959); *Squires* v. *Reynolds,* 125 Conn. 366 5 A.2d 877 (1939); *Stahl* v. *So. Michigan Ry.,* 211 Mich. 350, 178 N.W. 710 (1920); *Hartnett* v. *Tripp,* 231 Mass. 382, 121 N.E. 17 (1918).

However, where plaintiff's subsequent injuries are brought about by plaintiff's negligence, defendant is only liable for the original injuries, as proximate cause of defendant's negligence. This result may be reached under the theory of avoidable consequences, that is, plaintiff by the use of reasonable care could have avoided the subsequent fall and the injuries and damages that resulted.

*Franco* v. *Fujimoto,* 47 Haw. 408, 427 390 P.2d 740, 751 (1964); *Thayer* v. *Smith,* 380 P.2d 852 (Wyo. 1963); *Anchorage Independent School Dist.* v. *Stephens,* 370 P.2d 531 (Alas. 1962); *Southport Transit Co.* v. *Avondale Marine Ways,* 234 F.2d 947 (5th Cir. 1956). Or under the doctrine that the negligence of defendant was not the proximate cause of the second fall and the consequent injuries and damages because the negligence of plaintiff was an efficient intervening cause. *Mtichell* v. *Branch,* 45 Haw. 128, 363 P.2d 969 (1961); *Wolff* v. *Light,* 156 N.W.2d 175 (N.D. 1968); *Mitchell* v. *Four States Machinery Co.,* 74 Ill. App. 2d 59, 220 N.E.2d 109 (1966); *Sayre* v. *Andrews,* 259 Iowa 930, 146 N.W.2d 336 (1966); *Pope* v. *Pinkerton-Hays Lumber Co.,* 120 So. 2d 227 (Fla. 1960).

The City argues that the plaintiff's negligence was the cause of his second fall and that the trial judge committed prejudicial error when he refused to give its requested instructions on the issue of avoidable consequences.

Plaintiff concedes that the doctrine of avoidable consequences is applicable if the plaintiff's negligence caused the second fall but contends that the City was not entitled to any instruction on this issue because there was no evidence to intimate or suggest that plaintiff's negligence was the cause of the second fall.

Plaintiff's contention is based on the testimony of Dr. Kutsunai that he had advised plaintiff to continue, as much as possible, his normal activities on his crutches and that he had not advised plaintiff that he could not manually water the lawn while on crutches; however, in our opinion, the jury could have determined that plaintiff was negligent in so watering the lawn. It was a factual issue to be decided by the jury.

Thus, if the jury had found plaintiff negligent, the City could not have been liable for the injuries and dam-

ages suffered by the plaintiff as a result of the second fall and was entitled to appropriate instructions on this issue. And we have said that it is error for a trial judge to refuse to give instructions requested which correctly state the law on issues presented unless the points are adequately covered by the instructions given. *Nawelo* v. *von Hamm-Young Co.*, 21 Haw. 644 (1913).

The following were the only instructions, in our opinion, dealing directly or indirectly with the issue:

I instruct you that in the pleadings of this case and in the instructions, the words "proximate cause" have been used and you are entitled to know how this phrase is understood in law.

The "proximate cause" of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. [Court's instruction No. 3.]

The Court instructs you that negligence is a failure to use ordinary care, that is, failure to do what a reasonable and prudent person would ordinarily have done under the same or similar circumstances, or doing what such a person under the same or similar circumstances would not have done. [Court's instruction No. 4.]

Although a person may be negligent in the performance or omission of some duty owed to the person injured, no liability attaches unless it appears that there was a causal connection between such negligence and the injury, and the negligence charged was the proximate or legal cause of the injury, rather than a remote cause, or one merely causing a condition providing an opportunity for other causal agencies to act. [City's requested instruction No. 12.]

A person who negligently causes injury to another is liable for any harm sustained in a subsequent accident which would not have occurred had the other person's physical condition not been impaired. [Plaintiff's requested instruction No. 25, as modified.]

It is the duty of a person who has been injured to use reasonable diligence in caring for his injuries and reasonable means to prevent their aggravation and to accomplish healing.

Because a competent physician advised an injured person to submit to a course of treatment or operation, we are not justified in inferring that the injured person was negligent or unreasonable in declining such treatment or operation. Other factors as they confronted the injured person must be considered in determining whether, although he refused to follow the physician's advice, he nevertheless exercised reasonable diligence in caring for himself and his injuries. [Plaintiff's requested instruction No. 27.]

During the deliberation, one of the two questions asked of the trial judge by the jury was "Please read the judge's charge to the jury concerning liability as regards the subsequent operations following the first operation." It appears from this question that the judge's instructions played a very significant and important role in the determination of this issue.

There is no question that the issue of plaintiff's duty to use reasonable care to effect a cure and to avoid aggravation of injuries is adequately covered by the instructions given. However, the instructions did not adequately apprise the jury as to the consequences of plaintiff's failure to use reasonable care in that regard.

The City's requested instruction No. 62 reads:

It is the duty of one who breaks his knee to use due care to effect a cure and prevent a second injury,

failing in which he cannot recover damages for such second injury.

The instruction correctly stated the law applicable to the facts of this case and the trial judge's refusal to give the instruction was prejudicial error. Therefore, we reverse part of the judgment as hereinafter mentioned.

In our opinion, the prejudice to the City in this regard was compounded by the trial judge in re-reading only the court's instructions Nos. 3 and 4, City's requested instruction No. 12, plaintiff's requested instruction No. 25, as modified, without re-reading plaintiff's requested instruction No. 27, and especially ending with the following instruction:

A person who negligently causes injury to another is liable for any harm sustained in a subsequent accident which would not have occurred had the other person's physical condition not been impaired.

Although the foregoing instruction was given by agreement, we note that it negates the doctrine of avoidable consequences and efficient intervening cause and therefore we question its correctness.

The City failed to note an objection when those instructions were re-read, nor has it specified the re-reading of the same as error, and we would not be commenting on these points other than for the reason that we are reversing part of the judgment on another ground.

## III.

We find the contention of the City that the trial judge erred in refusing to direct a verdict in its favor without merit.

Judgment is affirmed on the issue of liability of the City and reversed on the issue of damages. Remanded for a new trial on the issue of damages.

*Daral G. Conklin* (*Blissard & Conklin* of counsel)· and *Harry T. Tanaka* (*Yamaguchi & Tanaka* of counsel) ·for plaintiff-appellee.

*Wilfred K. Iwai,* Deputy Corporation Counsel, (*Stanley Ling,* Corporation ·Counsel, and *T. Bruce Honda,* Deputy Corporation Counsel, with him on the briefs), for defendant-appellant.