DAVID M. CARSON, Plaintiff-Appellee, *v.* KANAME SAITO, Defendant-Appellant, and BANK OF HAWAII, et al., Garnishees

*and*

DAVID M. CARSON, Plaintiff-Appellee, *v.* KANAME SAITO, Defendant-Appellant, and BANK OF HAWAII, Defendant

No. 5073

October 14, 1971

RICHARDSON, C.J., ABE, LEVINSON AND KOBAYASHI, JJ., AND CIRCUIT JUDGE N. DOI IN PLACE OF MARUMOTO, J., DISQUALIFIED

OPINION OF THE COURT BY KOBAYASHI, J.

Saito (herein appellant) appeals from the trial court's refusal to give to the jury a portion of appellant's requested

instruction. The jury rendered a verdict of $105,000.00 in favor of Carson (herein appellee).

## FACTS

This case results from an action initiated by appellee to recover a finder's fee allegedly due from appellant under an express oral contract. Appellee was in the business of selling buses. Appellant was the owner of many bus companies in Hawaii. Both parties had contracted with each other in the past regarding sales of buses by appellee to appellant.

In February, 1968, they had a discussion pertaining to a possible sale of appellant's bus companies. Appellee testified that he informed appellant that he believed he could find an interested buyer and, for finding such a buyer, appellee was to receive a finder's fee of 5 percent of the selling price. According to appellee, appellant orally agreed to this arrangement. Appellant testified that he never agreed to pay appellee 5 percent of the purchase price but that he had said he would "take care of him" should appellee find a buyer. It is also appellant's position that there was never any agreement as to a specific amount of compensation or what services appellee was to perform.

Appellee disclosed to a potential buyer that appellant was interested in selling his bus companies. Subsequently the buyer got in touch with appellant, an agreement was reached and the sale was closed in April, 1969. Appellee requested his 5 percent finder's fee and appellant responded that he had never agreed to a 5 percent commission and refused to pay.

## QUESTION

When, as in this case, the question of the existence of a contract is one of mixed fact and law, its submission to the jury should be accompanied with instructions giving specific definitions of a valid contract applicable to any find-

ings of fact which the evidence may justify. It is not disputed by the parties in the instant case that that portion of the instruction which was requested but not given was a proper statement of the law. It is necessary, however, that we determine whether that portion of the instruction denied by the trial court was adequately covered by the instructions given.

We have held that it is error to refuse to give instructions requested which correctly state the law on issues presented, unless the points are adequately covered by the instructions given. *Gibo v. City and County of Honolulu,* 51 Haw. 299, 304, 459 P.2d 198, 201 (1969). We have also held that it is not error to refuse a requested instruction which is substantially covered by other instructions. *Ashford v. Thos. Cook & Son,* 52 Haw. 113, 122, 471 P.2d 530, 536 (1970); *State v. Stuart,* 51 Haw. 656, 660-61, 466 P.2d 444, 447 (1970); *Kometani v. Heath,* 50 Haw. 89, 98, 431 P.2d 931, 938 (1967).

As to the issue of whether the denied instruction was adequately covered and further, on the question of what constitutes a valid contract, the instructions given by the trial court in the following order are applicable:

You are instructed that a contract is an agreement between two or more persons by which each promises to do a particular thing.

A contract need not be in writing. An oral contract is enforceable.

In determining whether or not there was a contract between plaintiff and defendant, you should take into consideration all of the circumstances of the case. You should consider the subject matter, the conduct of the parties, the discussions, if any, had between them, and the statements you believe were made by them.

If you find that both plaintiff and defendant agreed merely that defendant would "take care of" plaintiff if plaintiff found a buyer for defendant's business, then you must return a verdict for defendant because an agree-

ment to "take care of" plaintiff is merely an agreement to agree in the future and does not constitute an enforceable contract.

In this case plaintiff seeks to recover damages from defendant for services claimed to have been rendered by him to defendant as the result of a claimed oral contract to pay him a 5 percent finders fee for obtaining a purchaser of defendant's bus business. In order to recover, plaintiff must have proved to you by a preponderance of the evidence that:

1. There was such a contract as that term is defined herein;

2. That pursuant to that agreement he rendered the service agreed upon; and

3. That those services were the predominating effective cause in bringing the buyer and seller together.

The following is that portion of the instruction which was denied by the trial court. As requested by appellant it was to directly follow the three elements of proof enumerated above.

A contract is entered into when the parties thereto reach a mutual agreement as to all the essential elements thereof. The essential agreed-on elements of a contract for personal services such as the alleged agreement in this case are:

1. The services to be rendered by plaintiff to or on behalf of defendant.

2. The time in which such services are to be performed.

3. The compensation to be paid by defendant to plaintiff for those services.

If an agreement leaves one or more of these elements to be settled by further negotiation it is merely an agreement to agree and is not a valid and binding contract.

At the trial of this case appellee elected not to pursue a recovery on a quantum meruit theory for the actual services rendered appellant. Instead appellee rested his claim

solely on the alleged express oral contract for 5 percent of the purchase price. Appellant testified that he agreed to "take care of" appellee but denied that he agreed to pay 5 percent of the purchase price. Appellant also asserts that he expected appellee to render more services than those rendered by appellee. As such the question presented to the jury of whether there was a contract in existence between appellee and appellant was crucial for a proper disposition of this case.

We have held that "the parties not having reached. agreement upon all of the essential and material terms, conditions or convenants of the agreement, there was failure of mutual assent or a meeting of the minds and therefore no binding contract. It is a fundamental principle of law that there must be mutual assent or a meeting of the minds on all essential elements or terms in order to form a binding contract." *Honolulu Rapid Transit v. Paschoal*, 51 Haw. 19, 26-27, 449 P.2d 123, 127 (1968). It is evident that the instructions given by the trial court did not adequately instruct the jury on this requirement. As is quoted above, the trial court instructed the jury that "[i]n order to recover, plaintiff must have proved to you by a preponderance of the evidence that: 1. There was such a contract as that *term is defined herein*" (emphasis added). The deletion by the trial court of appellant's definitive requested instruction presented a probable ambiguity for the jury. Without appellant's said instruction, the term contract was not adequately "defined herein". Nor did the general instructions given sufficiently communicate to the jury the elements of a contract required to make it binding. Therefore under the principle of law followed in *Gibo* and *Ashford, supra,* it was prejudicial error for the trial court to refuse appellant's instruction. The appellant's instruction, refused by the court, could very well have influenced the jury's thinking to a contra verdict.

Judgment reversed.

Remanded for new trial.

*Frank D. Padgett (Padgett, Greeley, Marumoto & Aki-naka* of counsel) for defendant-appellant.

*Frederick J. Titcomb (Rosehill & Titcomb* of counsel) for plaintiff-appellee.

### DISSENTING OPINION OF LEVINSON, J.

I dissent.

The majority opinion would be relevant if the question presented in this appeal were whether the instruction actually given by the trial court constituted a comprehensive treatment of the law of contracts for personal services. However, as correctly stated in the majority opinion, the issue is "whether that portion of the instruction denied by the trial court was adequately covered by the instructions given." In substance, the majority opinion argues as follows:

(1) The instruction actually given by the trial court is an incomplete statement of the law· of contracts for personal services.

(2) It is undisputed that the requested instruction, as far as it goes, is an accurate statement of the law.

(3) Therefore, the instruction actually given does not adequately cover the requested instruction.

Such an argument is a *non sequitur.*

This court, in *State v. Stuart,* 51 Haw. 656, 660-61, 466 P.2d 444, 447 (1970), declared that:

where a given proposition of law is requested to be given in an instruction, the instruction may properly be refused where the same proposition is adequately covered in another instruction that is given. This is true even where the refused instruction is a correct statement of the law.

*Accord, Kometani v. Heath,* 50 Haw. 89, 98, 431 P.2d 931, 938 (1967). In *Barretto v. Akau,* 51 Haw. 383, 399, 463 P.2d 917, 926 (1969), we said:

The cautionary statement of the dissent in *Young v. Price* would appear to be applicable here. '[T]he fact that more specific instructions are offered does not re-

quire the trial court to accept them and reject slightly more general instructions or give cumulative instructions on the same point.' *Young v. Price*, 50 Haw. 430, 450, 442 P.2d 67, 79 (1968) (Levinson and Marumoto, JJ., dissenting).

It is therefore clear that if the trial court's instructions on the law of contracts for personal services substantially covered the omitted portion of the requested instruction, there was no need to give the requested instruction in its entirety. The appellant urges that the trial court's instructions failed to alert the jury to the required "meeting of the minds" as to the nature of the services to be rendered and the amount of compensation to be paid. The argument is meaningless unless the appellant further demonstrates that the omitted portion of the requested instruction would have remedied the alleged defect in the instructions actually given. The appellant has not done so.

The omitted portion of the requested instruction offers no more insight into the nature of "meeting of the minds" than do the instructions actually given. The portion concerning "the essential agreed-on elements of a contract for personal services" is mere surplusage. The trial court instructed the jury that in order for plaintiff (appellee) to recover, he must prove by a preponderance of the evidence "that pursuant to that agreement he *rendered the service agreed upon. . . .*" (Emphasis added.) To parrot that the "essential agreed-on elements of a contract" include "the services to be rendered by the plaintiff to or on behalf of defendant" would approach echolalia. Nowhere does the appellant claim that there existed any dispute as to "the time in which such services are to be performed." Furthermore, the trial court instructed the jury that in the absence of a finding that the parties agreed upon a 5 percent finder's fee, "then you must return a verdict for defendant because an agreement to 'take care of' plaintiff is merely an agreement to agree in the future and does not constitute an enforceable contract." Reciting that "the compensation to be

paid by defendant to plaintiff" is another "essential agreed-on element" sheds no additional light on the subject.

A word is in order concerning the phantom-like "ambiguity" created by the term "defined herein," in light of the trial court's deletion of the appellant's requested instruction. The instruction read "herein," not "hereunder." Thus, the obvious referent is the instruction as a whole, rather than only that portion which followed. The court's instructions as given *do* define the term "contract," and the omitted portion of the requested instruction would not have clarified it.

I would affirm the judgment of the trial court.